**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

SHAWN JAMES REYNOLDS                                             PETITIONER
ADC #178282

v.                                          4:26-cv-00392-JM-JJV

DEXTER PAYNE,                                                   RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

James M. Moody Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.  Your objections must be received in the office of the United States District Court

Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.    INTRODUCTION**

Petitioner Shawn James Reynolds, an inmate at the Faulkner County Detention Center,

brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. No. 2.)

Mr. Reynolds' Petition raises several claims. He first alleges "Unreasonable first bond" because

bond was set at "$100,000 then $50,000, then no bond." (Doc. No. 2 at 7.) Thus, he "never could

---

[1] The Court notes that while Mr. Reynolds' Petition was filed using a 28 U.S.C. § 2241 form and
he claims this is a Motion under 28 U.S.C. §2255, his Petition falls under 28 U.S.C. § 2254 because
he is "in custody pursuant to the judgment of a State court only on the ground that he is in custody
in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

bond out to fight [his] case in the free world." (*Id.*) Additionally, he claims he "[h]ad to sign a deal to get out of Faulkner County Jail. Yet [he] is still waiting on [Arkansas Department of Corrections] to get [him] 5 months later." (*Id.*) His "major complaint" is that he "should be transported to ADC, per [his] sentencing order." (*Id.*)

For relief, Mr. Reynolds asks the Court to "update discharge date to 6-23-26 for both cases." (*Id.* at 8.) Additionally, he requests the Court to "clarify [Arkansas Department of Corrections'] definition of concurrent as it relates to case 2025-148" and to "overturn [his] conviction on 2025-148 if [the] Faulkner County Parole Office is found liable for breaking [Ark. Code Ann.] § 5-14-128 and failing to protect their community." (*Id.*) He also appears to request punitive damages in this case and asks to be transported to the Arkansas Department of Corrections. (*Id.*)

I have conducted a preliminary review of Mr. Reynolds' Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Reynolds brings several claims regarding issues with his sentencing order and place of confinement. However, none of his claims are cognizable under habeas corpus. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed.

## II.     BACKGROUND

Mr. Reynolds was convicted of ten counts of possession of sexually explicit conduct involving a child in 2021, after pleading guilty in the Circuit Court of Washington County, Arkansas. *See State v. Shawn James Reynolds*, 72CR-20-907, http://caseinfo.arcourts.gov. [2] He was sentenced to 72-months' imprisonment followed by a 48-month period of suspended

---

[2] The background facts are taken from the public record in the above cited cases. The Court takes judicial notice of these public records. *See, e.g., Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

imposition of sentence (SIS) upon his release. *Id*. Mr. Reynolds did not file any appeal, nor did he file a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1.

On November 17, 2025, Mr. Reynolds pleaded guilty to failing to register as a sex offender in the Circuit Court of Faulkner County, Arkansas. (Doc. No. 2 at 18-19); *See State v. Shawn James Reynolds*, 23CR-25-148, http://caseinfo.arcourts.gov. The Court sentenced him to 24-months' imprisonment followed by a 36-month period of SIS upon his release. *Id.* Again, Mr. Reynolds did not file an appeal and did not seek relief under Arkansas Rule of Criminal Procedure 37.1. Mr. Reynolds has, however, filed a claim with the Arkansas State Claims Commission alleging the Faulkner County Parole Office allowed him to be paroled to an address that violated Arkansas law regarding sex offender registration, which resulted in his conviction in Case No. 23CR-25-148. He states his claim is currently pending with the Arkansas State Claims Commission. (Doc. No. 2 at 4, 6, 10-13.)

## III.    ANALYSIS

The language of § 2254 is clear. A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Nothing in Mr. Reynolds' Petition can be construed as challenging the constitutionality of his custody.

Mr. Reynolds' "unreasonable first bond" claim is now moot. As previously stated, he pleaded guilty and was sentenced to 24 months' imprisonment. (Doc. No. 2 at 18.)  Bond is no longer an issue for Mr. Reynolds, and his claim is moot.

And as far as the Faulkner County Parole Office allegedly violating Arkansas law, "[t]his Court does not have jurisdiction under 28 U.S.C. § 2241 or any other federal statute to issue a writ

of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986).  Mr. Reynolds does not allege a violation of federal law, nor does he cite to any provision of federal law.  He asserts only that state authorities violated state law, which, "taken alone, does not present a federal claim reviewable [i]n habeas." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994), *cert. denied*, 514 U.S. 1024 (citing *Cain*, 798 F.2d at 1195; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")).  For this reason, Mr. Reynolds is not entitled to habeas relief on this claim.

Lastly, the Court lacks the authority to order the State of Arkansas to update his discharge date, clarify the Arkansas Department of Corrections' definition of concurrent, award punitive damages, or overturn his conviction. The Court also lacks the authority to have Mr. Reynolds transported to the Arkansas Department of Corrections or order the State to do so. Therefore, federal habeas corpus offers Mr. Reynolds no remedy for the requested relief. Accordingly, it plainly appears that Mr. Reynolds is not entitled to relief, and his Petition should be summarily dismissed pursuant to Rule 4.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 27th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4